IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ROBERT JAVIER GONZALEZ ESCALONA, | § § § | |
| *Petitioner*, | § § § | |
| v. | § § | CIVIL ACTION NO. 9:26-CV-00347 |
| ATTORNEY GENERAL OF THE UNITED STATES; SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; ICE FIELD OFFICE DIRECTOR; IAH SECURE ADULT DETENTION FACILITY, | § § § § § § § § § | JUDGE MICHAEL J. TRUNCALE |
| *Respondents*. | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Roberto Javier Gonzalez Escalona ("Gonzalez Escalona")'s *Pro Se* Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner Roberto Javier Gonzalez Escalona is a Venezuelan national. [Dkt. 1 at ¶ 7]. On February 2, 2026, United States Immigration and Customs Enforcement ("ICE") detained Gonzalez Escalona. *Id.* at ¶ 10.

On May 15, 2026, Gonzalez Escalona brought a *pro se* habeas corpus petition, claiming that his detention violates the Fifth Amendment to the United States Constitution. [Dkt. 1].

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section

2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

### III. DISCUSSION

### A.  Due Process

*Zadvydas v. Davis* provides that aliens pending removal pursuant to 8 U.S.C. § 12311 cannot be detained indefinitely. 533 U.S. 678, 699 (2001). "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id*. Courts "must ask whether the detention in question exceeds a period reasonably necessary to secure removal," considering "the greater immigration-related expertise of the Executive Branch," "the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute," and "the Nation's need to 'speak with one voice' in immigration matters." *Id*. at 700. As guidance, the Supreme Court assumed a "presumptively reasonable period of detention" of six months. *Id*. at 700–01. After this six month period has elapsed, the alien has the burden of demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably near future." *Id*. at 701.

Because Gonzalez Escalona has been detained for less than six months, the "presumptively reasonable period" has not expired; accordingly, his *Zadvydas* claim is premature, and he cannot carry his burden to show "no significant likelihood of removal in the reasonably near future."

Gonzalez Escalona further argues that the Government violated procedural due process by failing to provide him with a bond hearing before an immigration judge. *See* [Dkt. 1]. Even if

Gonzalez Escalona were correct, he still would not be entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Gonzalez Escalona's due-process argument is not based on the illegality of his confinement itself, but on the illegality of the Government's failure to provide a bond hearing. *See* [Dkt. 1]. Gonzalez Escalona's unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons for confining him during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, Gonzalez Escalona's due-process claim is ill-suited for a habeas proceeding, which is "not available to review questions unrelated to the *cause of detention*."[1] *See Pierre*, 525 F.2d at 935 (emphasis added).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if adequately performed. *See id.*

Here, a properly conducted bond hearing would not invariably result in Gonzalez Escalona's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed Gonzalez Escalona's release from custody, his failure to receive one does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820–21. If a violation of federal law occurred, it was not by way of Gonzalez Escalona's detention, but the Government's failure to provide him with a bond hearing once he was already detained. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas

---

[1] *See also Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring).

proceeding is not the proper arena for Gonzalez Escalona to raise a due-process challenge to the Government's failure to afford him a bond hearing. *See Carson*, 112 F.3d at 820–21.

## IV. CONCLUSION

It is therefore **ORDERED** that Gonzalez Escalona's *Pro Se* Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 21st day of May, 2026.**

_____
Michael J. Truncale
United States District Judge